USA v. Wang

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of April, two thousand and eleven.

PRESENT:

> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> > *Circuit Judges,*
> MARK R. KRAVITZ,
> > *Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

> *Appellee,*

> -v.-                                                                    No. 10-1113-cr

RICHARD WANG,

> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**        Lee Ginsberg, Freeman, Nooter & Ginsberg, New York, NY.

**FOR APPELLEE:**        Karin Orenstein, Assistant United States Attorney (Loretta E. Lynch, United States Attorney, *on the brief,* and Susan Corkery, Assistant United States Attorney*, of*

---

[*] The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

1

*counsel*), United States Attorney's Office for the Eastern District of New York, New York, NY.

Appeal from a March 25, 2010 judgment of the United States District Court for the Eastern District of New York (Sandra Townes, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

On July 13, 2009, defendant-appellant Richard Wang ("defendant" or "Wang") pleaded guilty to one count of structuring financial transactions, in violation of 31 U.S.C. § 5324(a)(3). On March 12, 2010, the District Court sentenced Wang principally to 57 months' imprisonment, to be followed by three years of supervised release. Wang filed a timely appeal. We assume the parties' familiarity with the remaining factual and procedural history of the case.

On appeal, defendant contends that his sentence was both procedurally and substantively unreasonable. We review the reasonableness of a district court's sentencing determinations under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining "abuse of discretion"). A district court commits procedural error when it "fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, [ ] treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact. Moreover, [it] errs if it fails adequately to explain its chosen sentence . . . ." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (in banc).

Where a defendant does not timely object to the District Court's calculation of the Guidelines range—which Wang concedes he failed to do—the defendant's claim is subject to plain error review. We find plain error where (1) there is error; (2) that is plain; (3) that affects substantial rights; and (4) that affects the fairness, integrity, or public reputation of judicial proceedings. *See, e.g., United States v. Dorvee*, 616 F.3d 174, 180 (2d Cir. 2010).

Here, defendant argues that the District Court committed procedural error because it did not explicitly state that the Guidelines range was 57 to 60 months, which is the range that properly reflects the incorporation of the statutory maximum sentence of 60 months. *See* U.S.S.G. § 5G1.1(c)(1). Instead, the District Court described the Guidelines range as "57 to 71 months" before acknowledging that "the statutory maximum sentence is 60 months." Though this may have been error, the error was not "plain"—under the meaning of the term of art "plain error"—specifically, the error did not affect defendant's substantial rights.

The correct sentencing range of 57 to 60 months overlaps with the range calculated by the District Court, and the District Court clearly understood the application of the statutory maximum sentence. Furthermore, the District Court expressed its intent to impose a sentence within the Guidelines range. Accordingly, there is no reason to believe that Wang's sentence, which was the lowest sentence of imprisonment available within the Guidelines range, would have been lower if the District Court had correctly stated the applicable Guidelines range. Indeed, this case is unlike *Dorvee*, 616 F.3d 174, in which the District Court calculated a Guidelines range that was entirely above the statutory

2

maximum sentence, failed to take into account the defendant's time served, and then imposed a sentence that it believed to be a non-Guidelines sentence, which in fact was a Guidelines sentence. *Id.* at 181-82.

We turn now to the question of substantive reasonableness, which we may consider at the same time that we review a sentence for procedural reasonableness. *See, e.g., id.* at 182; *United States v. Cavera*, 550 F.3d 180, 194-97 (in banc). A district court's substantive determination should be set aside only in exceptional cases where the trial court's decision "cannot be located within the range of permissible decisions." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (comparing substantive unreasonableness to the "manifest injustice" and "shocks-the-conscience" standards employed by the courts in other contexts).

Here, defendant argues, among other things, that the District Court failed adequately to account for the fact that his structuring transactions were unrelated to other illegal conduct, and that he had taken various remedial measures to atone for his conduct after his arrest. In the present circumstances, the Court's within-Guidelines sentence was not unreasonable. The Court explained that it had "considered the factors pursuant to 18 U.S.C. [Section] 3553(a)" and believed a downward departure would be inappropriate because the offense was "very serious." We see no reason to disagree, much less to conclude that the sentence was outside the range of permissible decisions. *See Rigas*, 583 F.3d at 123; *accord United States v. Preacely*, 628 F.3d 72, 83 (2d Cir. 2010).

## CONCLUSION

We have considered all of defendants' arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3